## HAND TRADING COMPANY *v.* CHASON, administrator, *et al.*

1. Where an equitable petition alleged that a conveyance was made to secure a debt and a bond to reconvey was given, which was assigned to another, who transferred it and his equitable interest in the land to the plaintiff, and that he had tendered payment of the indebtedness, which had been refused; and where he sought to compel the obligor to accept the same in discharge of the debt, and to have the title conveyed to him, or the security deed decreed to be satisfied, there was no reversible error, if any at all, in striking, on demurrer, an additional allegation that, beside the notes described in the bond to reconvey, another note was given by the borrower to the lender for $25, which constituted usury, there being no effort to reduce the amount necessary to be paid under the bond.

2. Where the plaintiff claimed as transferee of a bond for title, under one who was an assignee of the original holder thereof, the second transfer not being accompanied by the bond, and it appeared that a number of notes described in the bond were past due and one had been reduced to judgment, there was no error in admitting in evidence a written contract between the assignor of the plaintiff and the maker of the bond, by which, before any attempted transfer to the plaintiff was made, it had been agreed, in effect, that the obligor deposited the notes, and the holder of the bond deposited it, with a third person; and that if the holder of the bond should pay a specified sum by a given time, he would be allowed further time to pay the balance, and if he should not do so, the depositary should deliver the bond to the obligor and the notes to the other party.

(a) In the light of the evidence, the agreement was not so vague or indefinite, or wanting in consideration, or inaccurate, or unilateral as to render its admission in evidence erroneous.

3. Under the evidence, there was no error in directing a verdict for the defendants.

DECEMBER 13, 1912.

Equitable petition. Before Judge Frank Park. Grady superior court. September 7, 1911.

The Hand Trading Company filed an equitable petition against Leon Chason, as administrator of the estate of D. W. Chason, deceased, and the heirs of the deceased, alleging in substance as follows: Three persons of the name of Barton were indebted to one Rawles for the purchase-money of certain land. They procured a loan of money from D. W. Chason, in order to pay such indebtedness, and gave him notes therefor, falling due in annual installments. They caused Rawles to make a deed to Chason, who executed a bond for title to them, conditioned to make a title upon the payment of the notes described. The Bartons, the obligees in the bond, transferred it for value to J. S. E. Wilder, by a written assignment thereon, on or about November 2, 1906. The transferee went into possession, and the obligor dealt with him as the equitable owner, and looked to him for the payment of the notes. Wilder remained in possession until about January 1, 1909, when Chason took possession without Wilder's consent and against his protest, and remained in possession until Chason's death. Since then his administrator has had possession. None of the indebtedness has ever been paid. Chason brought suit upon one of the two notes maturing in October, 1906, and obtained judgment on February 14, 1908, for the principal, interest, attorney's fees, and costs. On January 21, 1911, Wilder, for value, sold and assigned to the plaintiff all of his right, title, and interest in the bond for title and in the property described in it. (A copy of this transfer was attached to the petition, and showed that it was not entered on the bond, but was made upon a separate paper and attested and recorded like a deed.) On February 11, 1911, the plaintiff by its attorneys tendered to the administrator of Chason and his attorney the full amount of principal, interest, attorney's fees, and cost due on account of the indebtedness described. The tender was refused. Independently, and not as a condition, the plaintiff demanded a conveyance of the property, and this was refused. When the Bartons procured the loan of Chason, in addition to the notes described in the bond, he required them to give him an additional note for $25, which bore a different date, although given at the same time. This was an additional charge for the use of the money, and rendered the transaction usurious and the deed

executed by Rawles to Chason as a security void. The prayers were, that, if the loan should be found to be usurious and the deed from Rawles to Chason void, the administrator should be decreed to accept the tender above stated, and the title to the property should be decreed to be in the plaintiff, and that it should recover possession; that if the loan should be found not to be usurious, the administrator be decreed to accept the tender, and to specifically perform the contract contained in the bond for title, by conveying the land to the plaintiff; or that the security deed be decreed to be satisfied; and that, upon paying the money into the registry of the court, the plaintiff be decreed to have title to the property, and to recover it; that the plaintiff have an accounting, if necessary; and for process and general relief.

On demurrer the judge struck the allegations of usury in the original loan. The case proceeded to trial, and he rejected evidence tending to prove such usury. He also admitted in evidence, over objection, the agreement between Wilder and Chason which is described in the opinion. At the close of the evidence, he directed a verdict for the defendants. The plaintiff excepted and assigned error on these various rulings.

*R. C. Bell, J. Q. Smith,* and *Ira Carlisle,* for plaintiff.

*Pope & Bennet,* for defendants.

LUMPKIN, J. 1. A contract can not be both nullified and enforced in the same action. A proceeding for specific performance asserts the validity of a contract. A proceeding for a decree declaring it void asserts its invalidity. The one affirms, the other repudiates the contract. *Southern Ry. Co.* v. *Parramore,* 119 *Ga.* 690 (46 S. E. 822); 31 Cyc. 75. The plaintiff claimed as a transferee under one who was the assignee of a bond for title. It alleged that it had made a tender of the amount due under the bond, and prayed specific performance. The case in the main was one proceeding for specific performance. Apparently, as a species of supplement or appendix, the plaintiff alleged that, in addition to the legal principal and interest described in the bond, the obligees gave to the obligor a note for $25, falsely bearing a different date, thus rendering the transaction usurious and the deed void. It was prayed, that, if there was usury, it be decreed that the obligor should receive the amount tendered (the amount specified in the bond), and that the title be decreed to be in the plaintiff. The

two things were inconsistent. Perhaps the plaintiff might have been required to elect whether he would proceed under the bond for title or against it. But the original obligees assigned only the bond. Their assignee had no legal title, and could convey none. The sum tendered was alleged to be the amount of the notes described in the bond. There was no claim to reduce the amount by purging usury. If the plaintiff was entitled, as the transferee of the assignee of the bond for title, to enforce the contract, it could proceed for that purpose. But it could not set this up and also at the same time attack the deed on which the bond was based, as void for usury. Under the pleadings there was no error requiring a reversal, if any at all, in the striking of the allegations in regard to usury. After they were stricken, it followed that they could not be supported by evidence.

2. The court admitted in evidence a written agreement between Wilder, the transferee of the bond, under whom the plaintiff claimed, and the obligor in the bond, made about two years and a half before the conveyance to the plaintiff (which transfer was not on the bond, but on a separate paper). This contract recited, in effect, that such transferee was indebted to the obligor for certain land for which he held bond for title, and had given his notes; that the obligor left with a named person the notes, and the other party deposited his bonds for title with the same person; that it was agreed that if such party should pay as much as $300 "on the Barton place, and as much as $500 on the Sellers place, by August 1, 1908, then said amount is to be credited on said notes, and Wilder is to have further time on the balance of said notes; however, should the said Wilder not pay to W. S. Wight [the depositary] by August 1, 1908, the above-mentioned amounts, then W. S. Wight is to deliver to Chason [the obligor] the bonds for titles and to J. S. E. Wilder the notes." This contract was somewhat unskillfully drawn. But the evidence showed that the land in controversy was the Barton place. The Sellers place was another, which plaintiff's transferor (Wilder) had bought from the obligor in the bond, but failed to pay for. He never paid the amounts stated in the agreement. One of the notes described in the bond for title here involved had been reduced to judgment, and the execution had issued, before the agreement was made. The obligor thus granted time. The reference to granting further time

is vague; but, by comparison of the amount to be paid with the principal of the past-due notes and the maturity of those remaining, it was not so uncertain that it could be declared void as matter of law, and rejected from evidence.

3. Under the evidence, there was no error in directing a verdict for the defendants. *Judgment affirmed. All the Justices concur.*